IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JIMMY MARCELL MORRIS )
)
v. ) NO. 3:09-1086
)
EQUI FIRST CORPORATION, et al. )

TO: Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By Order entered November 12, 2009 (Docket Entry No. 6), the Court referred the above captioned action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

The plaintiff is a resident of Smyrna, Tennessee. He filed this action pro se and in forma pauperis on November 10, 2009, against Equi First Corporation ("Equi First"), GMAC Mortgage, LLC ("GMAC"), Mortgage Electronic Registration System Inc. ("MERS"), McCurdy & Chandler, LLC ("McCurdy"), and two attorneys who are alleged to work for McCurdy, Anthony Demario, and Patrick Taggart. It appears[1] from the complaint that the plaintiff entered into a mortgage and promissory note with Equi First in January 2003, which was secured by a piece of real property located at 210 Sam Davis Drive, Smyrna, Tennessee. At some point thereafter, the mortgage, note, and deed of trust for the property were apparently sold and assigned to MERS and then, on September 22, 2009, sold and assigned to GMAC. The plaintiff alleges that GMAC and McCurdy

---

[1] Nowhere in his complaint does the plaintiff set out a clear statement of the historical facts upon which his claims are based. Accordingly, the Court's summary of the underlying facts, as pieced together from the entirety of his complaint, may not be completely accurate.

then sought to foreclose on the property and that a foreclosure sale of the property was scheduled to occur on November 12, 2009.

It is difficult to decipher the plaintiff's exact legal arguments, but he appears to contend that the sales and assignments of his mortgage, note, and property deed from Equi First to the subsequent holders were legally flawed and that GMAC thus has no legal right to foreclose on his property. He bases this belief on three contentions: 1) neither MERS nor GMAC was present at the signing of his original mortgage; 2) he was not informed at the signing of his original mortgage that the mortgage, note, and property deeds could be sold and assigned; and 3) the subsequent assignments were not properly recorded.

Based upon these contentions, the plaintiff asserts that he has been the victim of fraud by the defendants and asserts the defendants violated sections 1692(e) and 1692(f) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., violated "Federal Banking Laws,"[2] breached a contract, violated the criminal provisions of 28 U.S.C. § 1017, for which this Court should make a referral of the case for criminal prosecution of the defendants, and that defendant McCurdy violated the criminal provisions of 18 U.S.C. §§ 1341, 1361, and 1362l[3], warranting the assessment of damages under 18 U.S.C. §§ 1964(a) and (c). See Complaint (Docket Entry No. 1), at 7-15. The plaintiff seeks damages, injunctive relief to stay the foreclosure proceedings, and an order cancelling his mortgage note and giving him title to the property in question free and clear of any liens.

Along with his complaint, the plaintiff filed a motion for a trial by jury of twelve (Docket Entry No. 2) and a motion for emergency injunctive relief (Docket Entry No. 5). Although the motion for a trial by jury remains pending, by the Order entered November 12, 2009 (Docket Entry

---

[2] The plaintiff does not specify exactly what "federal banking laws" were violated, but he does refer at various points in his complaint to "truth and lending laws," "regulation Z," "12 U.S.C. chapter 5 subchapter IV. sect. 1831n and 1832," and 12 U.S.C. § 2605(e). See Complaint, at 7 and 9.

[3] The Court assumes the plaintiff intends to cite to 18 U.S.C. § 1362.

2

No. 6), the motion for emergency injunctive relief was denied. On November 12, 2009, the plaintiff filed a notice indicating that he had filed a petition for bankruptcy under Chapter 13, Bankruptcy Petition No. 3:09-bk-13060,[4] and a "motion for review," in which he requests "an order to void any sale as demanded in the injunction is warranted." See Docket Entry No. 8.

Pro se complaints are to be construed liberally by the Court. See Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Id. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. See Scheid v. Fanny Farmer Candy, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. Wells, 891 F.2d at 594 (6th Cir. 1989).

---

[4] Ordinarily, the Bankruptcy Trustee becomes the party in interest with the sole authority to pursue claims on behalf of the debtor on behalf of the creditors. See 11 U.S.C. § 323; Rule 6 of the Bankruptcy Rules. In this case, at least one of the defendants may be a creditor in the Bankruptcy proceedings, although it does not appear to the Court that the plaintiff has listed the creditors in his Bankruptcy case. This issue can be resolved once the defendants are served with process.

3

In light of these principles and in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court finds that the plaintiff's FDCPA claims against defendants GMAC, McCurdy, Anthony Demario, and Patrick Taggart are not frivolous and that process should issue on these claims. These are the only individuals who are alleged in the complaint to have been actually involved in collecting a debt owed by the plaintiff. The allegations against Equi First and MERS do not involve collection of a debt.

The Court is simply unable to construe the complaint as stating any other cognizable legal claims. Generally alleging that "banking laws," "regulation Z," or "truth in lending laws" have been violated is not sufficient to state a cause of action. The plaintiff's reference to "12 U.S.C. chapter 5 subchapter IV. sect. 1831n and 1832," and to 12 U.S.C. § 2605(e) does not provide any basis for a cognizable cause of action. Chapter 5 of Title 12 of the United States Code does not contain a subchapter IV, and the plaintiff has not set forth any allegations specifically showing how any of the named defendants violated 12 U.S.C. § 2605(e), a statute which addresses the duty of a loan servicer to respond to a borrower's inquiries. The plaintiff has also not set forth specific and particular factual allegations which even plausibly support a claim for damages against McCurdy under 18 U.S.C. § 1964.[5] Finally, although the plaintiff states that he is also pursuing a breach of contract claim, his allegations are so general and conclusory that the Court cannot determine exactly what the plaintiff is alleging was a breach of contract and by whom it was committed.[6]

---

[5] To the extent that the plaintiff seeks to compel the criminal prosecution of any of the defendants, his request to the Court is misplaced. A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch. See United States v. Nixon, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); Saro v. Brown, 11 Fed.Appx. 387, 388, 2001 WL 278284, 1 (6th Cir. March 15, 2001).

[6] It is not possible to determine from the complaint whether an order has been entered by a state court granting possession of the property to any of the defendants or ordering its sale. If such a state order has been issued, the Court notes that the doctrine of Rooker-Feldman may apply and bar jurisdiction over the plaintiff's action. See Givens v. Homecomings Financial, 278 Fed.Appx. 607, 2008 WL 2121008 (6th Cir. May 20, 2008).

4

## R E C O M M E N D A T I O N

For the reasons set out above, the Court finds that process should be issued to GMAC Mortgage, LLC, McCurdy & Chandler, LLC, Anthony Demario, and Patrick Taggart on the plaintiff's claims under the Fair Debt Collection Practices Act. The Court RECOMMENDS that all other claims in the action be DISMISSED pursuant to 28 U.S.C. § 1915(e) for lack of an arguable legal basis and that defendants Equi First Corporation and Mortgage Electronic Registration System Inc. be DISMISSED from the action.

Because some of the plaintiff's claims warrant dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    JULIET GRIFFIN
    United States Magistrate Judge