**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JIMMY MARCELL MORRIS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 3:09-CV-1086** |
| **v.** | ) | **Judge Trauger** |
| | ) | |
| **EQUI FIRST CORPORATION,** | ) | |
| **GMAC MORTGAGE, LLC,** | ) | |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION SYSTEM, INC.,** | ) | |
| **MCCURDY & CANDLER, LLC** | ) | |
| **ANTHONY DEMARIO, and** | ) | |
| **PATRICK TAGGART** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Pending before the court is the Magistrate Judge's Report and Recommendation ("R&R") (Docket No. 11), which makes a recommendation pursuant to 28 U.S.C. § 1915(e)(2)(B) (frivolity review). The plaintiff, Jimmy Marcell Morris, proceeding *pro se* and *in forma pauperis*, has filed timely objections to the R&R. (Docket No. 15.) For the reasons discussed herein, these objections will be overruled.

## FACTUAL AND PROCEDURAL HISTORY

1

The plaintiff is a resident of Smyrna, Tennessee.[1]  In January of 2003, the plaintiff apparently entered into a mortgage with Equi First Corporation ("Equi First"), which was secured by a parcel of real property located at 210 Sam Davis Drive, Smyrna, Tennessee.  At an unstated time thereafter, Equi First apparently assigned and transferred the mortgage, note, and the deed of trust for the property to Mortgage Electronic Registration System, Inc. ("MERS"), which then sold and assigned the mortgage, note, and deed of trust to GMAC Mortgage, LLC ("GMAC") on September 22, 2009.  GMAC, through counsel McCurdy & Chandler, LLC ("McCurdy"), then initiated foreclosure proceedings against the property and scheduled a foreclosure sale of the property for November 12, 2009.

On November 10, 2009, the plaintiff filed this action *pro se* and *in forma pauperis* against defendants Equi First, MERS, GMAC, McCurdy, and two attorneys who the plaintiff claims work for McCurdy, Anthony Demario and Patrick Taggart.  While the precise legal arguments are unclear, the plaintiff appears to contend that the sales and assignments of his mortgage, note, and deed of trust were legally flawed.  This contention is ostensibly based upon the following: (1) that the mortgage contract did not disclose Equi First's intention to sell or assign the mortgage; (2) that MERS and GMAC were not present on the day that the original mortgage was entered into; (3) that the assignments were not properly recorded; and (4) that, because of this, there was not a "proper and continuous 'chain of custody'" on the mortgage, note, and deed of trust.  (Docket No. 1 at 11 ¶ 8.)

---

[1] Unless otherwise noted, the facts are drawn from the plaintiff's Complaint.  (Docket No. 1.)  As Judge Griffin stated in her R&R, the plaintiff's Complaint does not "set out a clear statement of the historical facts upon which his claims are based," and, as such, the factual background is incomplete.  (*See* Docket No. 11 at 1 n.1.)  The plaintiff's Objection to the R&R also fails to clarify the factual background.  (*See* Docket No. 15.)

The plaintiff claims that the defendants: (1) violated Sections 1692e and 1692f of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (2) violated "Federal Banking Laws," including the "Truth [in] Lending Laws and Regulation Z"; (3) violated Section 2605(e) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) (2008); (4) breached a contract; and (5) violated criminal provisions under 18 U.S.C. §§ 1017, 1341, 1361, 1362, 1364, and 1964. The plaintiff seeks damages, injunctive relief from the foreclosure proceedings, and an order cancelling his mortgage note, thus giving him the Smyrna property free of any liens.

Along with his Complaint, the plaintiff filed a Motion for Emergency Declarative Injunction on November 10, 2009 in order to halt the foreclosure sale of the Smyrna property (Docket No. 5), which was denied (Docket No. 6). On November 12, 2009, the plaintiff filed a Notice of Bankruptcy Filing, informing the court that he had filed a petition under Chapter Thirteen of the Bankruptcy Code. (Docket No. 7.)

On November 12, 2009, this court referred the action to Magistrate Judge Griffin for, among other things, a frivolity review under 28 U.S.C. § 1915(e)(2)(B). (Docket No. 6.) On December 4, 2009, Magistrate Judge Griffin issued the pending R&R, which primarily sorts through the plaintiff's Complaint, attempting to "weed out" the non-frivolous causes of action. (*See* Docket No. 11.) The R&R recommends that the plaintiff's FDCPA claim against GMAC, McCurdy, Demario, and Taggart be allowed to proceed and that process should issue against these defendants, as they were "alleged in the complaint to have been actually involved in collecting a debt owed by the plaintiff." (Docket No. 11 at 4.) Judge Griffin further recommends that Equi First and MERS be dismissed from the action, as the Complaint does not state "any

3

other cognizable legal claims"; specifically, that general allegations of violations of "banking laws," "regulation Z," the "truth in lending laws," and criminal provisions are "not sufficient to state a cause of action." (*Id*.) As noted above, the plaintiff filed objections to the R&R. (Docket No. 15.)

## ANALYSIS

### I. Standard of Review

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of any part of the Magistrate Judge's R&R to which a specific objection has been made. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The federal *in forma pauperis* statute, designed to "ensure that indigent litigants have meaningful access to the federal courts," contains a screening provision that allows federal courts to dismiss a claim filed *in forma pauperis* if the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); 28 U.S.C. § 1915(e)(2). A complaint is frivolous when "it lacks an arguable basis either in law or in fact," that is, when the complaint "contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 327-28). If the plaintiff's claims "conceivably implicate" a cause of action, then the claim should not be dismissed under frivolity review. *See*

4

*id.* (noting that district courts should not "confuse[] a dismissal on [the] grounds that a complaint is frivolous with a dismissal for the failure to state a claim upon which relief may be granted").

*Pro se* complaints, "however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curium) (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)). Nonetheless, the *pro se* complaint must meet "basic pleading essentials," that is, the complaint must plead sufficient facts to provide the defendants with notice. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990) (citing *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987)); *see also Durante v. Fairlane Town Center*, 201 F. App'x 338, 344 (6th Cir. 2006) (holding that "even a *pro se* plaintiff must state and support all elements of a substantive claim"). Nor are courts "required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would require the courts to explore exhaustively all potential claims of a *pro se* plaintiff, and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)) (internal quotations omitted). With these principles in mind, the court will address the plaintiff's objections.

## II. Plaintiff's Objections to the R&R

In "manifesto" style, the plaintiff has provided the court with a litany of objections to the Magistrate Judge's R&R[2], asserting: (1) that the Magistrate Judge was biased against him and

---

[2] Many of the plaintiff's objections are based upon theories that were not addressed in his Complaint, and were therefore not considered by the Magistrate Judge. (*See* Docket Nos. 1, 11, and 15.)

that her R&R should be "stricken from the record as void"; (2) that the defendants

"intentionally" violated his "Due Process and Civil Rights"; (3) that the defendants are violating

the Bankruptcy Code's Automatic Stay provision under 11 U.S.C. § 362(a); (4) that Equi First

and MERS should not be dismissed from the FDCPA claim; (5) that Equi First and MERS are

proper defendants in this action due to an alleged violation of Section 2605(e) of RESPA; (6)

that all of the defendants violated the "Rules of Conduct of Title 31 U.S.C. [§] 0.208

Falsification of official records"[3]; (7) that it is proper for the plaintiff to initiate criminal

proceedings against the defendants under criminal provisions of Title 18; (8) that his 18 U.S.C. §

1964 claim should continue against McCurdy; and (9) that the breach of contract claim should

not be dismissed.

### A. Magistrate Judge Griffin's Bias Against the Plaintiff

The plaintiff's first objection to the R&R is based upon the Magistrate Judge's alleged

bias against him. (Docket No. 15 at 3-4.) This objection is premised on the notion that the

Magistrate Judge improperly characterized the denial of the plaintiff's Motion for Emergency

Declaratory Injunction, and thus "misrepresented" the "intention of the District Court" in her

R&R.[4] (*Id*.) Specifically, the plaintiff believes that the Magistrate Judge implied that the Order

denying emergency relief was a "blanket denial" of his motion, rather than a denial without

prejudice. (*Id*. at 3.)

---

[3] The court believes this citation to be a typographical error. However, it is unclear what
statute the plaintiff intended to cite instead.

[4] Typically, a party attempting to disqualify a judge for bias moves pursuant to 28 U.S.C.
§ 455.

6

This objection is without merit. When a litigant wishes to disqualify a judge for bias, the litigant has the "burden of convincing the court that a reasonable person would find that [] bias exists" on the basis of "extrajudicial conduct"; that is, a bias arising from "the judge's background and association and not from the judge's view of the law." *See Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999) (internal quotations omitted). Here, the plaintiff fails to allege any fact that would indicate that the Magistrate Judge's "background and association" would bias her against the plaintiff. Notably, the plaintiff states that the Magistrate Judge is biased for an "unknown reason." (Docket No. 15 at 3.) As there is no basis for bias, this objection is overruled.

### B. Plaintiff's "Due Process" Claim

The plaintiff's second objection to the R&R is based on his claim that the defendants "[i]ntentionally violat[ed] [his] Due Process and Civil Rights." (Docket No. 15 at 4.) Nowhere in the plaintiff's Complaint does he discuss that these private actors violated his Due Process rights, and there is nothing in the Complaint resembling a 42 U.S.C. § 1983 claim. (*See* Docket No. 1.) The plaintiff cannot simply amend his Complaint through his Objections to the R&R, and, as such, this objection is overruled.

### C. Automatic Stay Violation

The plaintiff's third objection to the R&R is premised on his claim that the defendants have violated the Automatic Stay provision of the Bankruptcy Code. (Docket No. 15 at 4.) Presumably, this argument is tied to the fact that GMAC held a foreclosure sale apparently on the same day as the plaintiff's bankruptcy filing. (*See* Docket No. 15 at 3-4.) The timing of the two events on that day is not of record. In any event, the court notes, from the plaintiff's

7

bankruptcy docket (Case No. 09-1360-KML), that the applicability of the automatic stay to the foreclosure sale of the property at issue is being litigated before the bankruptcy court in this district, where it ought to be litigated. Any violation of the automatic stay by the defendants does not affect the validity of the Magistrate Judge's R&R, as it does not alter the factual or legal bases upon which the Magistrate Judge relied. This objection, therefore, is overruled. *See Brown*, 207 F.3d at 866.

### D. The Plaintiff's FDCPA Claim

Next, the plaintiff objects to the recommendation that Equi First and MERS be dismissed from the FDCPA claim. (Docket No. 15 at 5.) In her R&R, the Magistrate Judge concluded that Equi First and MERS were not proper defendants because they did not even arguably engage in debt collection, as required by the FDCPA. (Docket No 11 at 4.) In objecting to this conclusion, the plaintiff argues that Equi First and MERS were "instrumental" in writing a "fraudulent []
Deed of Trust and Assignment" and should therefore be liable under the FDCPA. (Docket No. 15 at 5.)

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In carrying out this purpose, Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," while Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § § 1692e-f. Both of these sections require that a

8

*debt collector* violate the statute. *See id.*; *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (holding that "[a]s a matter of law, liability under [these provisions] can only attach to those who meet the statutory definition of a "debt collector"). As the plaintiff alleges that Equi First and MERS *sold* a debt, rather than attempted to *collect* on a debt, any FDCPA claim against Equi First and MERS would be "indisputably meritless." *See Brown*, 207 F.3d at 866. Thus, this objection is overruled.

### E. Plaintiff's RESPA Claim

The plaintiff's fifth objection to the R&R is based on his conclusory assertion that Equi First and MERS should not be dismissed from this action as they violated RESPA Section 2605(e). (Docket No. 15 at 7.) The Magistrate Judge found that the plaintiff "has not set forth any allegations specifically showing how any of the named defendants violated 12 U.S.C. § 2605(e), a statute which addresses the duty of a loan servicer to respond to a borrower's inquiries." (Docket No. 11 at 4.)

RESPA Section 2605(e) pertains to the "[d]uty of [a] loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605(e). Section 2605(e) requires that, upon the receipt of a "qualified written request from [a] borrower," the servicer of a federally related mortgage loan: (1) "provide a written response acknowledging receipt of the correspondence within [twenty] days"; and (2) that, within sixty days of receipt of the request, the servicer "make appropriate corrections or investigate and provide the borrower with a written notification explaining why the servicer believes the account is correct." 12 U.S.C. § 2605(e); *Wienert v. GMAC Mortgage Corp.*, 2009 WL 3190420, at * 5 (E.D. Mich. Sept. 29, 2009) (citing *Harris v. American General Finance, Inc.*, 259 Fed. App'x 107, 109 (10th Cir. 2007)). The plaintiff's allegations do not

9

"conceivably implicate" a cause of action under RESPA Section 2605(e). *See Brown*, 207 F.3d at 866. The plaintiff has failed to allege that he, at any time, inquired about information relating to the servicing of his loan from Equi First, MERS, or GMAC, as required by Section 2605(e). (*See* Docket Nos. 1 and 15); 12 U.S.C. § 2605(e). As the plaintiff failed to allege any fact that would implicate RESPA Section 2605(e), this objection is overruled.

### G. Criminal Provisions

The plaintiff's next objection to the R&R is based on his contention that the defendants should be prosecuted under various criminal statutes. (Docket No. 15 at 15.) The Magistrate Judge concluded in her R&R that the plaintiff had "no authority to initiate a federal criminal prosecution." (Docket No 11 at 4 n.5.) In objecting to this conclusion, the plaintiff asserts that he "fulfilled his duty of reporting [] criminal activities" to the court, and, as such, the court has a "heavy duty" to "report and recommend [the defendants] to the proper authorities for [c]riminal [p]rosecution." (*Id*. at 15-16.) As the Magistrate Judge concluded, a "private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the *executive branch*." *Saro v. Brown*, 11 Fed. App'x 387, 388 (6th Cir. 2001) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974)) (emphasis added). Because this claim is based on an "indisputably meritless" argument, this objection is overruled. *See Brown*, 207 F.3d at 866.

### H. RICO Claim

The plaintiff's next objection to the R&R is based on his assertion that his RICO claim against McCurdy pursuant to 18 U.S.C. § 1964 is not frivolous. (Docket No. 15 at 9.) The Magistrate Judge concluded that the plaintiff "set forth [no] specific [or] particular factual allegations which even plausibly support a claim for damages against McCurdy under 18 U.S.C.

10

§ 1964." (Docket Nos. 11 at 4; 15 at 8.) The plaintiff's objection is apparently based on his

contention that McCurdy "in collaboration [with] others" violated 18 U.S.C. § 1341, and is

therefore liable under 18 U.S.C. § 1964. (Docket No. 15 at 9.)

RICO Section 1964 "provides a private right of action for treble damages for 'any person

injured in his business or property by reason of a violation of 18 U.S.C. § 1962.'" *Grange*

*Mutual Casualty Co. v. Mack*, 290 Fed. App'x 832, 834 (6th Cir. 2008) (citing 18 U.S.C. §

1964). Under 18 U.S.C. § 1962, it is unlawful to engage in, to conspire to engage in, or to profit

from a "pattern of racketeering activity." 18 U.S.C. § 1962. The terms "racketeering activity"

and "pattern of racketeering activity" are defined in 18 U.S.C. § 1961, in relevant part, as

follows:

> (1) "racketeering activity: means . . . (B) any act which is indictable under any of the
>     following provisions of [18 U.S.C.]: . . . section 1341 (relating to mail fraud) . . .
> (5) "pattern of racketeering activity" requires at least two acts of racketeering activity,
>     one of which occurred after the effective date of this chapter and the last of which
>     occurred within ten years (excluding any period of imprisonment) after the
>     commission of a prior act of racketeering activity . . . .

18 U.S.C. § 1961. The plaintiff has failed to state any fact whatsoever that could plausibly

indicate that McCurdy was engaged in a "pattern of racketeering activity." (*See* Docket Nos. 1

and 15); *see also Fleischhauer v. Feltner*, 879 F.2d 1290, 1297 (6th Cir. 1989) ("while two acts

[of racketeering activity] are necessary, they may not be sufficient. Indeed, in common parlance

two of anything do not generally form a 'pattern'"). The only cognizable facts that the plaintiff

has asserted pertaining to McCurdy are that: (1) McCurdy allegedly improperly foreclosed on

the plaintiff's property; and (2) McCurdy was responsible for preparing the foreclosure

documents. (Docket No. 1 at 13-14.) These allegations are insufficient to allege a "pattern of

racketeering" under 18 U.S.C. § 1964. *See Fleischhauer*, 879 F.2d at 1297 ("isolated incidents of "racketeering activity" do not implicate Congress' concerns about organized crime infiltrating legitimate business activity . . . [there must be] *continuity plus relationship* which combine[] to produce a pattern"). As this claim "lacks an arguable basis [] in law or in fact," the objection is overruled. *See Brown*, 207 F.3d at 866.

### I. Breach of Contract Claim

Lastly, the plaintiff objects to the Magistrate Judge's recommendation that the breach of contract claim be dismissed because the "allegations are so general and conclusory that the [c]ourt cannot determine exactly what the plaintiff is alleging was a breach of contract and by whom it was committed." (Docket Nos. 15 at 11; 11 at 4.) This objection is based on the plaintiff's assertion that: (1) if the defendants were "[f]alse in one thing, [they were f]alse in everything"; and (2) that the defendants allegedly violated 12 C.F.R. § 226.17(1), a provision that requires creditors to provide disclosures to consumers about finance fees and interest rates. (Docket No. 15 at 11); 12 C.F.R. § 226.17(1). The plaintiff has failed to discuss what contract was breached, who it was breached by, and how it was breached. (*See* Docket Nos. 1 and 15.) Moreover, the plaintiff offers no explanation for how a violation of a disclosure law breached any contract that the plaintiff had with any of the defendants. (*Id.*) As this claim has "no basis in law or in fact," the plaintiff's objection is overruled. *See Brown*, 207 F.3d at 866.

## <u>CONCLUSION</u>

For the reasons discussed herein, the plaintiff's R&R objections will be overruled, and the decision recommended by Judge Griffin in the R&R will stand.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge