IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY MARCELL MORRIS ) | |
| ) | |
| v. ) | NO. 3:09-1086 |
| ) | |
| EQUI FIRST CORPORATION, et al. ) | |

TO:   Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered November 12, 2009 (Docket Entry No. 6), the Court referred the above captioned action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the motion to dismiss of Defendants McCurdy & Chandler, LLC, Anthony DeMarlo, and Patrick Taggart (Docket Entry No. 25), to which the plaintiff has filed a response in opposition. See Docket Entry No. 31. Also before the Court is the motion to dismiss of Defendant GMAC Mortgage, LLC (Docket Entry No. 36), to which the plaintiff has responded by filing a motion to strike (Docket Entry No. 49). Set out below are the Court's recommendations for disposition of all pending motions and the action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff is a resident of Smyrna, Tennessee. In January of 2003, he entered into a promissory note ("Note") with Equi First Corporation ("Equi First") for a loan in the

amount of $144,550.00. The Note was secured by a parcel of real property located at 210 Sam Davis Drive, Smyrna, Tennessee, the Deed of Trust for which was held by Mortgage Electronic Registration System, Inc. ("MERS"), as the nominee of Equi First. On September 22, 2009, MERS executed an assignment of the Note and Deed of Trust to GMAC Mortgage, LLC ("GMAC"). See Complaint (Docket Entry No. 1), at 21-22. GMAC subsequently initiated a non-judicial foreclosure sale of the property on November 12, 2009, at which time the property was apparently purchased by another entity.[1]

Prior to the foreclosure sale, the plaintiff had received a letter concerning the Note on or about August 14, 2009, from Patrick Taggart ("Taggart"), an attorney from the law firm of McCurdy & Chandler, LLC. ("McCurdy"). On September 2, 2009, the plaintiff responded by requesting verification of the debt as well as other information. Taggart responded by a letter dated September 29, 2009, in which he enclosed a copy of the Note, a copy of the Deed of Trust, a copy of the September 22, 2009, assignment, a copy of the payment history for the loan, a restatement quote, and a payoff quote. See Docket Entry No. 25-2.

On November 10, 2009, the plaintiff filed this action pro se and in forma pauperis against Equi First, GMAC, MERS, McCurdy, Taggart, and Anthony DeMarlo ("DeMarlo")[2], who is another attorney at McCurdy and whose name was on the reinstatement and payoff quotes. The plaintiff contends that the sales and assignments of the Note and Deed of Trust were legally flawed and that GMAC had no legal right to foreclose on his property. This contention is ostensibly based upon the following: (1) the Note and Deed of Trust did not disclose Equi First's intention to sell or assign them; (2) MERS and GMAC were not present

---

[1] The current disposition of the property and/or whether the plaintiff currently resides in the property is not known to the Court.

[2] In his Complaint, the plaintiff identifies this defendant as "Anthony Demario." However, the defendant's correct name is "Anthony DeMarlo," which is how the Court shall refer to the defendant.

2

on the day that the original Note and Deed of Trust were entered into; (3) the assignments were not properly recorded; and (4) because of the improper recording, there was not a "proper and continuous 'chain of custody'" on the Note and Deed of Trust. See Docket Entry No. 1, at 11 ¶ 8.

Based upon these allegations, the plaintiff set out claims that the defendants: (1) violated Sections 1692e and 1692f(1) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.; (2) violated "Federal Banking Laws," including the "Truth [in] Lending Laws and Regulation Z"; (3) violated Section 2605(e) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e); (4) breached a contract; and (5) violated criminal provisions under 18 U.S.C. §§ 1017, 1341, 1361, 1362, 1364, and 1964. The plaintiff seeks damages, attorney fees, injunctive relief from the foreclosure proceedings, and an order cancelling his mortgage note and giving him the Smyrna property free of any liens.[3]

By Order entered March 9, 2010 (Docket Entry No. 17), the Court, pursuant to 28 U.S.C. § 1915(e), dismissed all claims in the action except for the plaintiff's claims under the FDCPA against defendants GMAC, McCurdy, DeMarlo, and Taggart. In lieu of answers, the defendants have filed the pending dispositive motions.

Defendants McCurdy, DeMarlo, and Taggart assert that the plaintiff's FDCPA claims against them should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they do not meet the definition of a debt collector under the FDCPA. They argue that their attempt to conduct a foreclosure of the property under a deed of trust is akin to taking action to enforce a security interest. As such, they contend that the only provision of the FDCPA applicable to them is 15 U.S.C. § 1692f(6), but that the plaintiff fails to show any factual basis for a claim against them under this provision. The defendants

---

[3] Along with his Complaint, the plaintiff filed a Motion for Emergency Declarative Injunction (Docket Entry No. 5) in order to halt the foreclosure sale of the Smyrna property. This motion was denied by Order entered November 12, 2009 (Docket Entry No. 6).

support their motion with a copy of the September 29, 2009, letter from Taggart to the plaintiff and the several enclosures attached to that letter. See Docket Entry No. 25-2.[4]

In his response (Docket Entry No. 31) to the motion, the plaintiff fails to specifically address any of the legal arguments made by Defendants McCurdy, DeMarlo, and Taggart. Instead, he merely reiterates his factual allegations and argues that the Court has given "unlawful comfort and protection" to the defendants and has allowed them to take the alleged wrongful actions. See Docket Entry No. 31, at 2.

Defendant GMAC seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that, as the "holder of the note and beneficiary of the deed of trust," see Docket Entry No. 36, at 2, it is a creditor and assignee of the debt at issue and is not a debt collector under the FDCPA. Additionally, GMAC argues that a non-judicial foreclosure of property securing a debt does not constitute debt-collecting activity governed by the FDCPA. Finally, GMAC incorporates the arguments made by Defendants McCurdy, DeMarlo, and Taggart in their motion to dismiss. See Docket Entry No. 36.

The plaintiff responds to GMAC's motion to dismiss by arguing that the motion is untimely and should be stricken. The plaintiff contends that GMAC failed to file an answer to his complaint within 21 days after being served with process in this action[5] and further failed to file its motion to dismiss until June 29, 2010, more than 90 days after being served in the action. The plaintiff then contends that GMAC was not the original lender and falls within the definition of a debt collector under the FDCPA. The plaintiff further argues that GMAC is not the real party in interest to the mortgage, that the September 22, 2010,

---

[4] In addition, Defendants McCurdy, DeMarlo, and Taggart also contend that there is no merit in the plaintiff's claims brought under Title 18 or claims based upon allegations of fraud. See Memorandum in Support (Docket Entry No. 25-1), at 8-12. However, these claims were previously dismissed by the Court upon frivolity review. See Docket Entry No. 17, at 1.

[5] The docket in the action reflects that service of process was executed on GMAC on March 19, 2010. See Docket Entry No. 24.

4

assignment has no legal effect and was fraudulent, and that GMAC never had any right to possession of the property permitting it to initiate the foreclosure. The plaintiff thus asserts that GMAC has violated 15 U.S.C. § 1692f(6).

### III. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). In deciding a motion to dismiss under Rule 12(b)(6), the Court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002). The court must assume that all of the factual allegations are true, even if they are doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In contrast, legal conclusions are not entitled to the assumption of truth. Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

Generally, a complaint does not need to contain "detailed factual allegations," although its allegations "must be enough to raise a right to relief above the speculative level. " Twombly, 550 U.S. at 555 . "Blanket assertions" or a "formulaic recitation of the elements of a cause of action" are not sufficient. Twombly, 550 U.S. at 555, 556 n.3. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949-50. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

5

## III. ANALYSIS

A. Fair Debt Collection Practices Act

As the Sixth Circuit Court of Appeals explained in Federal Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504, 508 (6th Cir. 2007):

> Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "Congress designed the [FDCPA] to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" Swanson v. S. Or. Credit Serv., Inc., 869 F.2d 1222, 1225 (9th Cir.1988) (quoting S.Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699).

503 F.3d at 508.

Two threshold determinations for any claims brought under the FDCPA are whether the defendant is a debt collector and whether the claim involves the collection of a debt, as both of those terms are defined under the Act and the pertinent case law. See Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 384 (7th Cir. 2010).

B. The Motion of McCurdy, Taggart, and DeMarlo

In his complaint, the plaintiff sets out two specific FDCPA claims against defendants McCurdy, Taggart, and DeMarlo. First, he asserts that they violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations regarding a debt. See Complaint, at 9, ¶¶ 5 and 13. Section 1692e provides, in part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Second, he asserts that the defendants violated 15 U.S.C. § 1692f(1). Id., at 11-12, ¶ 10.[6] Section 1692f(1) provides that a debt collector "may not use unfair or unconscionable

---

[6] The plaintiff also alleges that the defendants violated 15 U.S.C. § 813(a), 15 U.S.C. § 1601, and 15 U.S.C. § 1692(a-j). See Docket Entry No. 1, at 7. However, the Court does not view reference to any of these statutes as setting out an actual cause of action. Section 813(a), codified at 15 U.S.C. § 1692k(a), provides for civil liability for violations of the

means to collect or attempt to collect any debt" and specifically prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Liability under these two sections can only attach to a defendant who meets the statutory definition of a "debt collector" under the FDCPA. See Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003). The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

In his complaint, the plaintiff offers only a cursory statement that the defendants "are 'debt collectors' within the meaning of 15 U.S.C. sect. 1692(a)(e)." See Complaint, at 6-7. Such a conclusory allegation is simply not sufficient to satisfy the plaintiff's burden of showing that defendant McCurdy, Taggart, and DeMarlo are debt collectors under the FDCPA. See Stamper v. Wilson & Assocs., P.L.L.C., 2010 WL 1408585, *8 (E.D. Tenn. Mar. 31, 2010). Although the plaintiff cites to Heintz v. Jenkins, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), to buttress his conclusory statement, see Complaint, at 7, the Supreme Court in Heintz merely confirmed that the FDCPA applies to attorneys who regularly engage in consumer debt-collection activity and thus meet the definition set out in Section 1692a(6), even though the activity at issue consists of litigation related activity. 514 U.S. at 299. However, Heintz does not stand for the proposition that simply because an attorney or a law firm engaged in activity related to the collection of a debt that such

---

FDCPA and does not itself set out prohibited acts. Section 1601 is part of the Truth in Lending Act and does not provide for a cause of action under the FDCPA. Finally, the plaintiff's catch-all reference to Sections 1692(a-j) is too general and vague to assert a specific cause of action under those several statutory provisions.

defendant is a debt collector under the FDCPA. The plaintiff does not make any factual allegations in the complaint that the business of defendants McCurdy, Taggart, and DeMarlo have a principal purpose of collecting debts or that they regularly collect or attempt to collect debts owed or due or asserted to be owed or due another.

Furthermore, as noted by defendants McCurdy, Taggart, and DeMarlo, their contacts with the plaintiff were part of an attempt to foreclose on the property. Within the Sixth Circuit, a defendant seeking to enforce a security interest who does not otherwise meet the definition of a debt collector set out in Section 1692a(6) is subject to liability under the FDCPA only pursuant to 15 U.S.C. § 1692f(6).[7] See Montgomery, 346 F.3d at 700-701. Other courts have repeatedly applied the holding in Montgomery to situations involving the pursuit of non-judicial foreclosure proceedings on property securing a note or debt to find that foreclosure activity is not debt collection activity and that liability against such a defendant can be assessed only pursuant to Section 1692f(6). See Warren v. Countrywide Home Loans, Inc., 342 Fed.Appx. 458, 2009 WL 2477764 (11th Cir. Aug. 14, 2009) (collecting cases); Kaltenbach v. Richards, 464 F.3d 524, 527 (5th Cir. 2006); Golliday v. Chase Home Fin., LLC, 2011 WL 31038, *6 (W.D. Mich. Jan. 5, 2011); Gathing v. MERS, Inc., 2010 WL 889945, *13 (W.D. Mich. March 10, 2010); Stamper, supra. See also McDaniel v. South & Assocs., 325 F.Supp.2d 1210, 1217 (D. Kan. 2004); Rosado v. Taylor, 324 F.Supp.2d 917 (N.D. Ind. 2004); Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D. Or. 2002); Beadle

---

[7] Section 1692f(6) provides:  A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

v. Haughey, 2005 WL 300060 (D.N.H. Feb. 9, 2005). The plaintiff, despite filing a lengthy complaint rife with statutory citations, does not allege a claim against defendants McCurdy, Taggart, and DeMarlo under Section 1692f(6).

The plaintiff's response to the motion to dismiss does not offer any rebuttal to the legal arguments for dismissal made by defendants McCurdy, Taggart and DeMarlo and does not provide any support for his FDCPA claims. See Docket Entry No. 31. For the reasons set out herein, the Court finds that the plaintiff fails to state a claim for relief against these three defendants under the FDCPA and that they should be dismissed from this action.

C. The Motion of GMAC

1. Timeliness of the Motion

The plaintiff requests that GMAC's motion to dismiss be stricken as untimely because GMAC has not filed an answer to the complaint and because it waited over three months after being served in this action before filing its motion to dismiss. See Docket Entry No. 49, at 2 and 8. Despite the fact that the plaintiff clearly raised this objection in his motion to strike and in his response to the motion to dismiss, GMAC has not responded to the plaintiff's argument in any manner or offered an explanation for the tardiness of its motion to dismiss.

Rule 12(a) of the Federal Rules of Civil Procedure sets out the time frame when a responsive pleading is required to be filed. See Rule 12(a)(1) and 12(a)(4). However, there is no explicit time in which a motion raising a defense under Rule 12(b) must be made, and Rule 12(b) only requires that such a motion "must be made before pleading if a responsive pleading is allowed." Although GMAC offers no explanation for why it waited approximately three months to file its motion to dismiss, the plaintiff failed to seek the entry of default against GMAC based upon its failure to timely file a response to the

complaint. Finally, Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The motion to dismiss is not a pleading, see Rule 7(a) of the Federal Rules of Civil Procedure, and there are no grounds for "striking" the motion to dismiss.

2. GMAC's Arguments for Dismissal

GMAC's first argument for dismissal is that is it merely the holder of the Note and Deed of Trust and, thus, falls outside the definition of a debt collector under the FDCPA. While it is well-settled that the creditor to whom a debt is owed is not covered by the FDCPA when collecting its own accounts, see MacDermid v. Discover Fin. Servs., 488 F.3d 721, 735 (6th Cir. 2007); Montgomery, 346 F.3d at 699, GMAC was not the plaintiff's original creditor but obtained the Note and Deed of Trust through an assignment on September 22, 2009. Thus, GMAC does not fall within the language of the FDCPA which excludes from the definition of a debt collector any person who collects or attempts to collect "a debt which was originated by such person." 15 U.S.C. § 1692a(6)(F)(ii).[8]

Furthermore, on the date of the assignment, the plaintiff's debt was clearly already in default. See Docket Entry No. 25-2.[9] A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C.

---

[8] The Complaint contains no factual allegations that the business of GMAC has a principal purpose of collecting debts or that they regularly collect or attempt to collect debts owed or due or asserted to be owed or due another such that GMAC could be viewed as a debt collector under the general definition of that term contained in Section 1692a(6).

[9] The attachments to the motion to dismiss may be considered without converting the motion to a motion for summary judgment because the documents are referred to in the pleadings and are integral to the plaintiff's FDCPA claims. See Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999).

§ 1692a(4). Additionally, the FDCPA specifically excludes from the definition of a debt collector:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . .

15 U.S.C. § 1692a(6)(F)(iii). This provision has routinely been interpreted to mean that the assignee of a debt which is already in default at the time it is obtained by the assignee does not fall within the exclusionary provision for the definition of a debt collector provided by the FDCPA. See Montgomery, 346 F.3d at 699; Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 107 (6th Cir. 1996) (observing that "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned"). Both cases cited by GMAC in its supporting memorandum, Fox v. HSBCMortg. Servs., Inc., 2009 WL 129797 (E.D. Tenn. Jan. 16, 2009), and Scott v. Wells Fargo Home Mortg., Inc., 326 F.Supp.2d 709 (E.D. Va. 2003), are distinguishable because in both cases the debt at issue was not in default at the time it was obtained. Accordingly, the Court finds that GMAC has not shown that it is a creditor which is excluded from coverage under the FDCPA.

GMAC's second argument for dismissal is that its efforts to foreclose on the real property securing the plaintiff's debt do not constitute debt collecting activities. GMAC asserts that foreclosing on a mortgage has routinely been found to be activity which falls outside the scope of activities to which the FDCPA is applicable. See Memorandum in Support (Docket Entry No. 37) at 7.

While GMAC is correct that numerous courts have determined that non-judicial foreclosure activities do not constitute debt collection activities for the purposes of the FCDPA, it is nonetheless clear that activity undertaken to seize or foreclose on the property of a debtor pursuant to a security interest can subject a defendant to liability under the narrow provision of 15 U.S.C. § 1692f(6) even though there is no basis for liability under

11

the general provisions of the FDCPA. See Montgomery, 346 F.3d at 700-701. Accordingly, liability under the FDCPA can be based upon non-judicial foreclosure activity that seeks to foreclose on real property securing a mortgage as long as it is sought via a claim brought under Section 1692f(6). See Stamper, supra.

GMAC has not specifically argued that it is not liable under Section 1692f(6). See Memorandum In Support (Docket Entry No. 37). This not surprising because nowhere in his complaint does the plaintiff allege that GMAC violated Section 1692f(6). See infra, at n.6, and Complaint, at 9, ¶¶ 5 and 13, and 11-12, ¶ 10. Although the plaintiff does refer to a violation of Section 1692f(6) in his response in opposition to the motion to dismiss, see Docket Entry No. 49, at 13-14, the plaintiff cannot amend his pleadings to set forth unpled claims through a response to a motion to dismiss. See Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984); Jocham v. Tuscola County, 239 F.Supp.2d 714, 732 (E.D. Mich. 2003); Chambliss v. Coca-Cola Bottling Corp., 274 F.Supp. 401, 409 (E.D. Tenn. 1967), aff'd on other grounds, 414 F.2d 256 (6th Cir.1969), cert. denied, 397 U.S. 916, 90 S.Ct. 921, 25 L.Ed.2d 97 (1970). Accordingly, the complaint should be dismissed for failure to state a claim upon which relief can be granted against GMAC under the FDCPA.

**R E C O M M E N D A T I O N**

For the reasons set out above, the Court recommends:

1) the plaintiff's motion to strike (Docket Entry No. 49) be DENIED;

2) the motion to dismiss of Defendants McCurdy & Chandler, LLC, Anthony DeMarlo, and Patrick Taggart (Docket Entry No. 25) and motion of Defendant GMAC Mortgage, LLC (Docket Entry No. 36) be GRANTED; and

3) this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation

upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                          Respectfully submitted,

                          JULIET GRIFFIN
                          United States Magistrate Judge