# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JIMMY MARCELL MORRIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 3:09-CV-1086 |
| v. ) | Judge Trauger |
| ) | |
| EQUI FIRST CORPORATION, ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's Report and Recommendation ("R&R") (Docket No. 58), which makes a recommendation as to the disposition of (1) Defendants McCurdy & Candler LLC, Anthony DeMarlo, and Patrick Taggart's Motion to Dismiss Complaint (Docket No. 25), (2) defendant GMAC Mortgage, LLC's Motion to Dismiss Plaintiff's Complaint (Docket No. 36), and (3) plaintiff Jimmy Marcell Morris's Demand to Strike (Docket No. 49). The Magistrate Judge recommended granting the Motions to Dismiss, denying the Demand (or Motion) to Strike, and dismissing this case. (Docket No. 58 at 12.) The plaintiff has filed timely objections to the R&R. (Docket No. 60 and 61.) For the reasons discussed herein, these objections will be overruled, and this case will be dismissed.

## FACTUAL AND PROCEDURAL HISTORY

As discussed in the court's March 9, 2010 Memorandum, the plaintiff, Jimmy Marcell Morris, proceeding *pro se*, filed this case on November 10, 2009, asserting a myriad of claims against several defendants relating to the foreclosure and sale of his property in Smyrna,

1

Tennessee. (*See* Docket No. 16 at 1-3.) The court initially referred this case to Magistrate Judge Griffin for frivolity review (Docket No. 6), and Judge Griffin, in a December 4, 2009 R&R, recommended that all of the plaintiff's claims, aside from his Fair Debt Collection Practices Act (FDCPA) claim, be dismissed and that all defendants except McCurdy & Candler, LLC, Anthony DeMarlo, and Patrick Taggart (collectively the "McCurdy" defendants) and GMAC Mortgage, Inc., be dismissed. (Docket No. 11 at 5.) The plaintiff filed objections to the R&R, which the court overruled in the March 9, 2010 Memorandum.

On March 24, 2010, the McCurdy defendants moved to dismiss the remaining FDCPA claim primarily because they do not fall within the statutory definition of "debt collectors" and, therefore, cannot be liable under the FDCPA. (Docket No. 25 Ex. 1 at 3.) The McCurdy defendants recognized that, even if they are not "debt collectors," they could still be liable under Section 1692f(6) of FDCPA for their conduct in enforcing a "security interest."[1] (*Id*. at 4-6.) However, they argued that the plaintiff's FDCPA claim should still be dismissed because the Complaint demonstrated that the plaintiff did not have a viable Section 1692f(6) claim because, for instance, the defendants clearly had a "present right to possession" under the Deed of Trust. (*Id.* at 6-7.) On June 29, 2010, GMAC also moved to dismiss, arguing that it was not a "debt collector" under the FDCPA and otherwise incorporating the McCurdy defendants' motion. (Docket No. 37 at 6-8.) The plaintiff responded in opposition to the McCurdy defendants' motion (Docket No. 31) and demanded that the GMAC motion be struck. (Docket No. 50.)

---

[1]Section 1692f(6) generally prohibits "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692(f)(6).

2

On April 7, 2011, Magistrate Judge Griffin issued the pending R&R. (Docket No. 58.) Judge Griffin recommended that the McCurdy defendants' motion be granted because the plaintiff's Complaint failed to allege sufficient facts to show that these defendants were "debt collectors" or that liability against them could be premised under 15 U.S.C. §1692(f)(6) – a provision that the plaintiff had not cited in his Complaint. (Docket No. 58 at 8-9.) The court also recommended granting GMAC's Motion to Dismiss on the same basis, that is, the only potential basis for liability against GMAC here is under Section 1692f(6), but such a claim was not asserted by the plaintiff. (*Id.* at 10-12.) In light of these findings, the Magistrate Judge recommended that both Motions to Dismiss be granted, the plaintiff's Motion to Strike be denied, and this case be dismissed. (*Id.* at 12.) On April 21, 2011, the plaintiff filed his objections to the R&R. (Docket Nos. 60-61.)

## ANALYSIS

### I. Standard of Review

When the Magistrate Judge issues an R&R on a dispositive motion, the court must review *de novo* any part of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

### II. The Plaintiff's Objections

The plaintiff makes no attempt to specifically challenge any of the Magistrate Judge's rulings or to demonstrate that he has sufficiently alleged a Section 1692f(6) claim. (Docket No.

3

61.) Rather, the plaintiff, over nine pages, hurls a series of unsubstantiated accusations at the court, including accusing the court of (1) being in violation of the Civil Rights Act of 1964, (2) making rulings that the court knows are inconsistent with the law, (3) improperly denying the plaintiff a jury trial, (4) improperly delaying rulings, (5) being in financial cahoots with the defendants, and (6) "making faces" and "pointing" at the plaintiff. (Docket No. 61 at 2-9.) The plaintiff appears to concede that his filing is devoid any substantive challenge to the R&R, stating that he is "just going through the motion[s] to complete the Administrative process of the court," so that, presumably, he may bring his appeal to the Sixth Circuit.[2] (*Id.* at 8-9.)

As the plaintiff has failed to make any specific objections to the R&R, the Report and Recommendation (Docket No. 58) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons stated therein and herein, it is hereby **ORDERED** that the defendants' Motions to Dismiss (Docket Nos. 25 and 36) are **GRANTED,** the plaintiff's Motion to Strike (Docket No. 49) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

It is so ordered.

---

[2]On April 21, 2011, the plaintiff filed a Demand to Take Judicial Notice of These Articles as Plaintiff's Exhibit of Defendants' Fraudulent Acts. (Docket No. 60.) Attached to the filing is a September 21, 2010 article from the South Florida Business Journal, which discussed that a GMAC "foreclosure team leader" in Florida had testified under oath that "he signed tens of thousands of affidavits verifying mortgage note ownership and amounts, even though he never saw original documents in those cases." (Docket No. 60 at 4.) While the court recognizes the institutional problems in the foreclosure process that have plagued the housing industry, in objecting to the R&R, it was the plaintiff's duty to raise specific objections to the R&R. That the plaintiff has failed to do.

Enter this 18th day of May 2011.

_____
ALETA A. TRAUGER
United States District Judge